**IN THE UNITED STATES COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PROGRESSIVE GULF**
**INSURANCE COMPANY**                                          **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO 1:06CV1217-HSO-JMR**

**JOE DON SMITH, ET AL.**                                      **DEFENDANTS**

<u>**ORDER AND REASONS GRANTING PLAINTIFF'S**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

BEFORE THE COURT is the Motion of Plaintiff Progressive Gulf Insurance

Company ["Progressive"] for Summary Judgment [24-1], pursuant to FED. R. CIV. P.

56, filed in the above-captioned cause on December 4, 2007.  Defendant Joe Don

Smith ["Smith"], has filed a Response and Progressive has filed a Rebuttal.

Progressive seeks a declaratory judgment that its policy provides no coverage for

Smith's injuries and damages.  After due consideration of the submissions and the

relevant legal authorities, and for the reasons discussed below, the Court finds that

Plaintiff's Motion for Summary Judgment must be granted.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

Defendant Joe Don Smith was injured on October 12, 2005, while working on

a Kenworth T80 rigger equipment truck off Interstate I-59 in Pearl River County,

Mississippi.  Smith was employed by USA Disaster Recovery, Inc. ["USA"], Carl

Hodge, Sr., Carl Hodge Jr., and Sean Bentson for debris removal following

Hurricane Katrina.  Following his injury, Smith received monetary sums from Carl

Hodge, Sr., and Carl Hodge, Jr., for treatment of his medical conditions.

A.    <u>State Court Proceedings, Removal and Remand</u>

On October 16, 2006, Joe Don Smith filed suit in the Circuit Court of Pearl River County against Carl Hodge Sr., Carl Hodge Jr., Sean Bentson, USA Disaster Recovery, Allen Jameson, Grant C. Bennett, Bennett Insurance Agency, Grant Bennett Insurance Agency, and unnamed "John Does 1-10" for the alleged negligent acts of co-worker Alan Jameson while employed by USA Disaster Recovery.  On February 16, 2007, USA Disaster Recovery filed its own Third-Party Complaint against Scottsdale Insurance Company ["Scottsdale"] and the Louisiana Workers' Compensation Corporation ["LWCC"], alleging that since, prior to the accident, it had sought and procured workers' compensation coverage from Grant Bennett Insurance Agency, Scottsdale and LWCC were integral Third-Party Defendants. USA further asserted that Grant C. Bennett had agreed to place commercial liability insurance, automobile liability insurance, and workers' compensation and employees' liability insurance for USA Disaster Recovery.  Plaintiff Progressive,  as insurer to Carl Hodge, Sr., was not a party to the state court proceedings.

As a result of the Third-Party Complaint filed by USA Disaster Recovery, Defendant Scottsdale Insurance and Indemnity Company filed a Notice of Removal in this Court on March 7, 2007, Civil Action No. 1:07cv397LG-RHW.  Joe Don Smith filed a Motion to Remand on November 27, 2007.

On January 8, 2008, United States District Judge Louis Guirola remanded the case to the Circuit Court of Pearl River County after concluding that the

determination of "[w]hether a policy was in fact issued by LWCC or whether LWCC is entitled to dismissal must be left to the State court." *Smith v. Hodge*, Civil Action No. 1:07cv379LG-RHW, Ct. R. 45, opinion at p.4.   Specifically, the Court held that it

> must respectfully decline LWCC's invitation to place the factual cart before the jurisdictional horse. If, as LWCC apparently concedes, Jameson's liability to Plaintiff is contingent upon the resolution of certain facts, then those facts must be resolved in favor of remand. It therefore follows that in the absence of workers compensation coverage Plaintiff has a *possibility* of recovery against Jameson, and Jameson is not improperly joined in this lawsuit. Since this Court does not have jurisdiction, its inquires can go no farther. . . .

*Id.* (internal citations omitted).


B.   <u>Federal Court Proceedings in this Case</u>

On November 30, 2006, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, and further invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Progressive filed the above captioned cause seeking a judgment declaring the rights, obligations and duties of the parties in connection with an automobile insurance policy procured from Progressive by Carl Hodge, Sr., for the Kenworth T80 outrigger.  In the present Motion, Progressive moves for summary judgment on the grounds that the express language of the policy owned by Carl Hodge, Sr., contains an applicable mobile equipment exclusion such that Progressive owes no coverage to Smith for his injuries and/or damages.

Defendants contend that the "mobile equipment exclusion" does not apply

inasmuch as the traversing arm and outriggers are not mobile equipment, and because at the time of the accident, the vehicle was not parked. *See* Def.'s Resp. to Pl.'s Mot. for Summ. J., ¶ 9.

## II. DISCUSSION

### A.   Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all

other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp.2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp.2d at 543.

B.   The Declaratory Action and Jurisdiction of this Court

The above captioned cause is brought in this forum pursuant to Title 28, United States Code § 2201(a), which states in pertinent part:

> [i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, ... any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

In his Memorandum in Opposition to Progressive's Motion, Smith challenges

the jurisdictional basis for Plaintiff's Complaint being filed in this Court:

> ...[T]here is also some question as to whether or not Federal
> declaratory judgment of insurance issues is proper. In *Travelers
> Indemnity Co. v. Bowling Green Professional Assoc.*, 495 F.3d 266 (6th
> Cir. 2007), the Court held that a state court should resolve issues of
> contract interpretation and negligence. *Bowling Green* resulted from
> an insurer seeking a declaratory judgment on whether or not there was
> a duty to defend an insured in a state court action. The state court
> action resulted when an insurer refused to pay claims based on policy
> exclusions. These facts are analogous to the case at hand.  The Sixth
> Circuit raised the issue of subject matter jurisdiction *sua sponte*.

Def.'s Mem. in Opp. to Pl.'s Mot. for Summ. J. at p. 7.

In support of his argument that this Court lacks jurisdiction to hear the
present case, Smith relies on the Sixth Circuit's interpretation of the five factors set
forth in *Grand Trunk W. R.R. Co. v. Consol. Rail Co.,* 746 F.2d 323, 326 (6th Cir.
1984): (1) whether the declaratory action would settle the controversy; (2) whether
the declaratory action would serve a useful purpose in clarifying the legal relations
in issue; (3) whether the declaratory remedy is being used merely for the purpose of
"procedural fencing" or "to provide an arena for a race for *res judicata*;" (4) whether
the use of a declaratory action would increase friction between our federal and state
courts and improperly encroach on state jurisdiction; and (5) whether there is an
alternative remedy which is better or more effective."  *See* Def.'s Mem. in Opp. to
Pl.'s Mot. for Summ. J. at p. 8.

However, the Fifth Circuit considered this same issue in *Travelers Ins. Co. v.
Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774 (5th Cir. 1993):

> [t]hus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. *Jackson,* 862 F.2d at 506; *see also, Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971). The Court has found that the issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity. *See Jackson,* 862 F.2d at 505.

*Travelers,* 996 F.2d at 776.

All three conditions must exist in order for this Court to lack authority to consider the merits of Progressive's Motion for Summary Judgment. *See Sealed v. Sealed,* 33 F.3d 1379, 1380 (5th Cir. 1994). In the present case, the record clearly indicates that Progressive was not named as a defendant in any of the underlying or pending state court proceedings and the parties have not filed a state court action for declaratory relief. Because neither of the first two inquires have been satisfied, this Court need not consider the third and finds that it possesses the authority to consider the merits of the present declaratory action. *See Cherokee Ins. Co. v. Babin ex rel. Rogers,* 2007 WL 2381928, * 2 (S.D.Miss. 2007).

C.    The Terms of the Policy

The Fifth Circuit has adopted and utilized declaratory judgments to adjudicate questions regarding insurance coverage. *See Allstate Ins. Co. v. Pierce,* 2008 WL 828967, 2 (5th Cir. 2008); *Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.,* 515 F.3d 414, 416 (5th Cir. 2008); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.,*

149 F.3d 378 (5th Cir. 1998); *see also Allstate Ins. Co. v. Hanks,* 1999 WL 33537207,

3 (N.D. Miss. 1999).  A district court's dismissal of a federal declaratory judgment

action is reviewed for an abuse of discretion. *See American Bankers Life Assurance*

*Co. of Fl. v. Overton,* 128 Fed.Appx. 399, 401 (5th Cir. 2005).

　　　"Under Mississippi law, an insurer's duty to defend an action against its

insured is measured, in the first instance, by the allegations in the plaintiff's

pleadings, and only if the pleadings state facts which bring the injury within the

coverage of the policy is the insured required to defend."  *E.E.O.C. v. Southern Pub.*

*Co. Inc.*, 705 F. Supp. 1213, 1215 (S.D. Miss. 1988), *aff'd* 894 F.2d 785 (5th Cir.

1990).  The policy in question contains the following provision:

> **EXCLUSIONS- READ THE FOLLOWING EXCLUSIONS
> CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED
> WILL NOT HAVE COVERAGE FOR AN ACCIDENT OR LOSS
> THAT OTHERWISE WOULD BE COVERED UNDER THIS
> PART I - LIABILITY TO OTHERS.**
>
> Coverage under this PART I and our duty to defend does not apply to:
> . . .
> 23. Bodily injury or property damage caused by or through the
> ownership, use, or operation of any mobile equipment or other
> apparatus attached to or pulled by your insured auto except while your
> insured auto is in transit on a public roadway.

Policy, at 20.

Mobile equipment is defined in the policy as:

> a. Equipment such as: Bulldozers, power shovels, cranes, rollers, booms,
> winches, graders, diggers, mixers, compressors, generators, drills, welders, pumps,
> farm implements and machinery, forklifts, shredders or other similar specialized
> equipment.

Policy, at 4.

The policy also contains a limitation for coverage which reads: "Your insured auto" or "insured auto" means:

. . .
e. Mobile Equipment, even if not shown in the Declarations, but only if it is permanently attached to your insured auto and your insured auto is in transit on a public roadway.

Policy, at 5-7.

"As this court has ruled on numerous occasions, insurance policies are to be construed in accordance with general principles of contractual construction. Thus, the court is required to give the terms of a policy their plain meaning unless some ambiguity exists." *National Aviation Underwriters v. Caldwell,* 689 F. Supp. 639, 641 (N.D. Miss. 1988)(internal citations omitted).

In the instant Motion, Progressive contends that:

The truck in question had a traversing arm and outriggers in use which activates the mobile equipment exclusion found in Progressive's policy. At the time of the accident, the vehicle was parked and running but was not moving or traversing on a public roadway. The exclusion is clear that the mobile equipment will be covered only when the vehicle is in transit. Thus, the mobile equipment exclusion is a clear bar to any recover under the Commercial Auto Policy.

Pl.'s Mot. for Summ. J.,¶ 5 at p. 3.

The Memorandum in Support of the Opposition to Plaintiff's  Motion for Summary Judgment filed on December 16, 2007, by Joe Don Smith, in part states that his right foot was violently crushed while doing work for the Hodges, Sean Bentson and USA Disaster Recovery:

-9-

> Mr. Smith was on his knees gassing up his chain saw when Alan
> Jameson lowered the stabilizer and/or outrigger on a truck owned by
> Carl Hodge Sr. onto his foot. This occurred at the I-59 Welcome Center
> in Pearl River County, Mississippi. At all times relevant, Mr. Smith
> and Defendant Alan Jameson were doing hurricane clean up work for
> Defendants U.S.A. Disaster Recovery, Inc., Carl Hodge Sr., Carl Hodge
> Jr., and Sean Bentson as sub-contractors.

Mem. in Support of Def.'s Opp. to Pl.'s Mot. for Summ. J. at p. 1-2.

Also present in the record is a document entitled "Stipulation of Facts",
executed by Joe Don Smith on December 14, 2007, which states in part: "the truck
in question was in motion at the time of the accident." Stip. of Facts, att. as Ex. "F"
to Mem. in Support of Def.'s Opp. to Pl.'s Mot. for Summ. J.

"To defend against a proper summary judgment motion one may not rely on
mere denial of material facts nor on unsworn allegations in the pleadings or
arguments and assertions in briefs or legal memoranda. The nonmoving party's
response, by affidavit or otherwise, must set forth specific facts showing that there
is a genuine issue for trial. Rule 56(e), FED.R.CIV.P." *Hudson v. City of Laurel,* 2007
WL 1296054, 7 (S.D. Miss. 2007).

The remaining Defendants, Carl Hodge, Sr., Carl Hodge Jr. and Sean
Bentson, responded to one of Plaintiff's Requests for Admission as follows:
"Defendants admit that the vehicle was not moving at the time the injury to Joe
Don Smith occurred." Resp. to Requests for Admission att. as Ex. "E" to Smith's
Mem. in Support of Def.'s Opp. to Pl.'s Mot. for Summ. J.

In *Alfa Ins. Corp. v. Ryals ex rel. Wrongful Death Beneficiaries of Ryals,* 918

So. 2d 1260 (Miss. 2005), the Mississippi Supreme Court concluded that there was

insufficient evidence adduced that a bucket truck, while designed for use on the

highway, was being driven or was in transit at the time of the accident:

> Here, at the time of the alleged negligent act, the MDOT vehicle was
> used merely as a platform for the bucket which was used to attempt to
> push a tree down, not as a motor vehicle traveling on a highway.
> Persuasive decisions from other states confirm the significance of the
> distinction between intended design and actual use of a vehicle.  In
> *Progressive Cas. Ins. Co. v. Yodice*, 180 Misc.2d 863, 694 N.Y.S.2d 281,
> 283- 84 (N.Y.Sup.Ct.1999), *aff'd*, 276 A.D.2d 540, 714 N.Y.S.2d 715
> (2000), the trial court held that the accident must be connected with
> the actual operation of a motor vehicle in its intended use as
> transportation: Not every accident involving an automobile concerns
> the use or operation of that vehicle. The accident must be connected
> with the use of the automobile qua automobile. The use of the
> automobile as an automobile must be the proximate cause of the
> injury. The inherent nature of an automobile is to serve as a means of
> transportation to and from a certain location. The accident in question
> did not arise out of the use or operation of the truck as a truck, i.e., as
> a means of transportation; it arose out of the operation of a business
> operating a ride, which happened to be permanently secured to the
> back of a stationary vehicle.
>
> In *D & M Logging Co. v. Huffman*, 189 W. Va. 9, 427 S.E.2d 244, 247
> (1993), the court held that the "[u]se of the crane is not 'operation,
> maintenance or use of a covered auto' because the definition of an
> 'auto' specifically excludes coverage of the crane." The court
> determined that the only relationship to the automobile insurance
> policy was the allegation that one of D & M's employees negligently
> loaded logs onto a truck. The court concluded that the language of the
> insurance policy, considered with the statutorily-required policy
> language, did not extend coverage to the circumstance where the claim
> is based on the insured's employee negligent loading of logs by use of a
> mechanical device attached to the covered vehicle.

*Id.* at 1263.

In this case, as in *Ryals*, insufficient evidence has been presented to establish

that the Kenworth vehicle, even if "in motion," was actually "in transit on a public highway" at the time Joe Don Smith was injured.  Insufficient competent summary judgment evidence has been presented to create any genuine factual dispute regarding Plaintiff's contention that the vehicle was not in transit on a public roadway at the time of the accident.  The Court finds that the clear and unambiguous language of the insurance policy at issue, specifically the Mobility Exclusion, otherwise provides no coverage in this case.  Therefore, Progressive's Motion for Summary Judgment must be granted.

### III. CONCLUSION

Based on the record and the evidence submitted in connection with the instant Motion, the Court is persuaded that there can be no genuine dispute of fact that the Kenworth T80 truck was not in transit on a public roadway when Joe Don Smith was injured.  Other than Smith's own affidavit, which is insufficient to create a genuine issue of material fact on this question, Defendants have presented no evidence that the Kenworth vehicle was in transit.   Therefore, the Court finds that because Progressive has no duty to provide coverage under policy number 08165225-0 issued to Carl Hodge, P.O. Box 10, Nicholson, Mississippi, it is entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Progressive's Motion for Summary Judgment [24-1] filed December 4, 2007, should

be and is hereby **GRANTED** and Progressive is entitled to a declaratory judgment

relieving it of liability on the subject insurance policy.

      **SO ORDERED AND ADJUDGED**, this the 15th day of May, 2008.


      *s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE